IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL FERNANDO SCHREINER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3344 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| JOHN ASHCROFT, ATTORNEY GENERAL, et al., | ) | ORDER to SHOW CAUSE |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on filing no. 6, the Motion to Dismiss filed by the respondents, the United States Attorney General, et al. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), the petitioner, Paul Fernando Schreiner, a native of Brazil, states that he is in the custody of the United States Attorney General and the United States Bureau of Immigration and Customs Enforcement ("BICE"), awaiting removal to Brazil. However, according to the petitioner, his removal in the foreseeable future to Brazil is highly unlikely, notwithstanding his efforts to cooperate in the removal. Instead, he has been incarcerated in the respondents' custody since June 8, 2004.

    The § 2241 petition is a request for release from detention governed by the decisions of the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 125 S. Ct. 716 (2005). However, when the respondents filed their motion to dismiss, they did not have the benefit of the decision in Clark v. Martinez, which the Supreme Court issued later.

    In Zadvydas v. Davis and Clark v. Martinez, the Supreme Court concluded that, under the Immigration and Nationality Act, the United States may detain aliens beyond the 90-day removal period of 8 U.S.C. § 1231(a)(6) for only so long as is "reasonably necessary" to effect removal. Six months constitutes the presumptive period during which detention of an alien is reasonably necessary to effect removal. After that, the alien is eligible for conditional release if the alien demonstrates, and the government fails to rebut, the lack of a significant likelihood of removal in the reasonably foreseeable future.[1]

---

[1]"The operative language of § 1231(a)(6), 'may be detained beyond the removal period,' applies without differentiation to all three categories of aliens that are its subject." Clark v. Martinez, 125 S. Ct. 716, 722 (2005). "Since the Government has suggested no reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the 6-month presumptive detention period we prescribed in Zadvydas

1

The petitioner has made a substantial showing that he will not be removed to Brazil in the reasonably foreseeable future, and he has been held long beyond the presumptively reasonable period defined in Zadvydas v. Davis and reiterated in Clark v. Martinez. Therefore, filing no. 6, the respondents' Motion to Dismiss, is denied. Instead, the respondents shall have until June 17, 2005 to show cause why the petitioner should not be immediately released under supervision.[2]

THEREFORE, IT IS ORDERED:

1. That filing no. 6, the respondents' Motion to Dismiss, is denied;

2. That by June 17, 2005, the respondents shall show cause why the petitioner should not be immediately released under supervision; and

3. That the petitioner may, but is not required to, reply by June 30, 2005.

DATED this 1st day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge

---

applies." Id. at 727.

[2]As Justice Sandra Day O'Connor noted in a concurring opinion in Clark: "[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release. See 8 U.S.C. § 1231(a)(3); 8 CFR § 241.5 (2004). And, if he fails to comply with the conditions of release, he will be subject to criminal penalties--including further detention." Clark v. Martinez, 125 S. Ct. at 727-28 (O'Connor, J., concurring).